WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meloniece Dukes, | No. CV-25-01235-PHX-MTL |
| Plaintiff, | ORDER |
| v. | |
| Meta Platforms Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff Meloniece Dukes' ("Dukes") Complaint and Motion for Summary Judgment ("Complaint") (Doc. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2).

I.     IFP APPLICATION

A party may file a lawsuit without paying the filing fee if the Court grants leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. § 1915.[1] "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). To proceed IFP in the District of Arizona, plaintiffs must establish their inability to pay by filing an Application, which is an affidavit describing the applicant's inability to pay costs and a complete statement of all income and assets. *See* LRCiv 3.3. Dukes' Application shows that she does not have sufficient funds to pay the filing fee and still afford the necessities of life. (Doc. 2); *Escobedo*, 787 F.3d at 1234. The Court will

---

[1] Section 1915 largely concerns prisoner litigation, but § 1915(e) applies to all IFP proceedings in the Ninth Circuit. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

grant her application to proceed IFP.

## II.   STATUTORY SCREENING OF IFP COMPLAINTS

The Court must screen complaints brought IFP. 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*. § 1915(e)(2)(B).

The Court must also have jurisdiction to hear the complaint. Federal courts are courts of limited jurisdiction, possessing only the power authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress has determined that federal courts can hear only certain types of cases, and without such subject-matter jurisdiction, federal courts cannot entertain a lawsuit. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Relevant here, federal courts have diversity jurisdiction over cases where the parties are citizens of different states and the amount in controversy is at least $75,000. 28 U.S.C. § 1332. The statute requires complete diversity, meaning no plaintiff can be from the same state as any defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). A corporation is a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This claim for relief must be plausible on its face, supported by sufficient facts that are more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when the facts in the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully; where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of plausible. *Id.* This extends to the complaint's causes of action: "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* Nonetheless, *pro se* pleadings like Dukes' are "to be construed liberally" and the plaintiff should be afforded "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

### III.    DISCUSSION

Dukes alleges that Defendants Meta Platforms, Inc., Meta Payments, Inc., (collectively, "Meta") and its CEO Mark Zuckerberg allowed a Facebook user to access Dukes' sensitive personal information. (Doc. 1 ¶ 8.) Meta allegedly "failed to implement adequate measures to protect such sensitive information from unauthorized access" and "allows users to disseminate information that infringes upon others' privacy and constitutional rights." (*Id.* ¶¶ 10-11.) Dukes asserts that Defendants are liable for negligence, invasion of privacy, intentional infliction of emotional distress, and "violation of constitutional rights." (*Id.* ¶¶ 15-22.) Dukes seeks either $180 or $190 billion in damages (*id.* ¶ 2; at pg. 4), an injunction to cease Meta's operations in the United States (*id.* at 4), and for the Court to order Defendants to implement "robust data protection measures" (*id.*).

#### A.    Diversity Jurisdiction

Dukes does not raise any federal claims, and therefore her only way to be heard in this Court is through diversity jurisdiction. Dukes seeks either $180 or $190 billion in damages, meeting the $75,000 amount in controversy requirement for diversity jurisdiction. (*Id.* ¶ 2; at pg. 4); 28 U.S.C. § 1332(b). But Dukes, an Arizona citizen, did not sufficiently plead complete diversity of citizenship. While Defendant Zuckerberg is allegedly a California citizen, Dukes pleads that the Meta Defendants act through a "statutory agent" based in Tempe, Arizona. (Doc. 1 ¶¶ 6-7.) In Arizona, a statutory agent is a business designated to receive service of process in state court cases on behalf of an out of state corporation. *See* A.R.S. § 10-504. But for the purposes of diversity jurisdiction in federal court, a corporation is a citizen of every state in which it has been incorporated and where it has its principal place of business, not where its state statutory agent receives process. 28 U.S.C. § 1332(c).

As Dukes did not provide information regarding where Meta itself is incorporated

or has its principal place of business, the Court cannot properly analyze diversity jurisdiction.[2] And even if Meta is incorporated in Arizona or has its principal place of business at the Arizona address Dukes provides, complete diversity is not satisfied because Dukes is also an Arizona resident. *See Owen*, 437 U.S. at 377. Accordingly, the Court does not have subject-matter jurisdiction under 28 U.S.C. § 1332.

### B.     Rule 8 Pleading Standards

Dukes pleads that another Facebook user accessed her sensitive personal information. (Doc. 1 ¶¶ 8-9.) Dukes blames Defendants for this incursion, claiming that "Meta failed to implement adequate measures to protect such sensitive information from unauthorized access" and that "Meta's platform allows users to disseminate information that infringes upon others' privacy and constitutional rights." (*Id.* ¶¶ 10-11.) Dukes alleges that Meta has been involved in "numerous data breaches and privacy violations" (*id.* ¶ 12), that Meta allows "government entities to conduct investigations without users' consent" (*id.* ¶ 13), and that Meta's platform "lacks sufficient safeguards" (*id.* ¶ 14).

This Court must give Dukes' *pro se* pleading the benefit of any doubt. *Hebbe*, 627 F.3d at 342. But even doing so, Dukes' pleading lacks sufficient allegations to show plausibility, and instead only speculates that it is possible that Meta is liable for Duke's purported injury. *Ashcroft*, 556 U.S. at 678. The plausibility standard asks for more than a sheer possibility that Defendants acted unlawfully; Dukes' complaint pleads fact allegations that are merely consistent with the Defendants' liability, stopping short of plausible. *Id.* Dukes pleads that Meta's platform has been involved in data breaches and privacy violations in the past. (Doc. 1 ¶¶ 12-14.) But Dukes does not properly plead that a data breach plausibly caused her injury in this instance. While it is possible that a data breach caused Dukes' injury, the alleged facts do not meet the plausibility standard required by Rule 8. *Ashcroft*, 556 U.S. at 678.

Further, Duke's complaint does not include the proper "short and plain statement of

---

[2] While the Court could discover Meta's principal place of business or state of incorporation on its own, "[courts] consider only the facts alleged in the complaint and in any documents appended thereto." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002).

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dukes simply recites the elements for each asserted cause of action without providing any factual allegations. (Doc. 1 ¶¶ 15-22); *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In conclusory fashion, Dukes merely asserts the elements of negligence, invasion of privacy, and intentional infliction of emotional distress without any other factual allegations establishing the basis of her claims. (Doc. 1 ¶¶ 15-21.) As to her last cause of action, Dukes does not even describe what specific constitutional rights Defendants violated, instead making a broad sweep about "the dissemination of private information without consent." (*Id.* ¶ 22.) Rule 8 requires more than mere conclusory statements; Dukes' complaint fails to state a claim for which relief can be granted.

## IV.   LEAVE TO AMEND

If a pleading might be cured by allegations of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Dukes will be given the opportunity to (1) properly allege subject-matter jurisdiction, either through complete diversity or another means, and (2) fix the deficiencies in her pleading as described above. Because an amendment is not necessarily futile here, the Court will dismiss the complaint with leave to amend.

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** granting Duke's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing Duke's complaint (Doc. 1) with leave to file an amended complaint no later than August 8th, 2025.

**IT IS FURTHER ORDERED** that if Dukes elects not to file an amended complaint by August 8th, 2025, the Clerk shall dismiss this action without prejudice and without further notice to Plaintiff or order of this Court.

**IT IS FINALLY ORDERED** that if Dukes elects to file an amended complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 11th day of July, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge